IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN EUGENE WHITSON,<br>TDCJ-CID NO. 413857,<br><br>Petitioner,<br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-13-2553 |

**MEMORANDUM OPINION AND ORDER**

TDCJ inmate John Eugene Whitson has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) challenging a twenty-seven year old state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive and untimely.

Whitson was convicted of burglary of a building in 1986. State v. Whitson, No. 451583 (263rd Dist. Ct., Harris County, Tex., Jan. 14, 1986). The Court of Appeals for the Fourteenth District of Texas affirmed the conviction the following year. Whitson v. State, No. A14-86-052-CR, 1986 WL 10971 (Tex. App. -- Houston [14th Dist.] Oct. 2, 1986).

Whitson filed numerous post-conviction challenges in the state courts including an application for writ of mandamus and seven applications for a state writ of habeas corpus, all of which were either denied or were dismissed by the Texas Court of Criminal Appeals as successive per article 11.07, § 4 of the Texas Code of Criminal Procedure. Ex parte Whitson, 9,790-08 (Tex. Crim. App. Feb. 19, 2003) (dismissed as successive); Ex parte Whitson, 9,790-07 (Tex. Crim. App. Oct. 1, 1997) (dismissed as successive); Ex parte Whitson, 9,790-06 (Tex. Crim. App. Jan. 25, 1995) (denied); Ex parte Whitson, 9,790-05 (Tex. Crim. App. June 13, 1990) (denied); Ex parte Whitson, 9,790-04 (Tex. Crim. App. Feb. 15, 1989) (denied); Ex parte Whitson, 9,790-03, 9,790-02 (Tex. Crim. App. Jan. 6, 1988) (denied); Ex parte Whitson, 9,790-01 (Tex. Crim. App. Apr. 15, 1989) (denied). Whitson also filed a request for appointment of counsel for assistance in filing a motion for DNA testing, which the state trial court granted on August 28, 2002. See Whitson v. State, No. 14-02-01168-CR, 2002 WL 31718882 (Tex. App. -- Houston [14th Dist.] Dec. 5, 2002). However, the court later denied Whitson's request for DNA testing after determining that he did not meet his burden of demonstrating that there was evidence available that could be tested. Id. The Fourteenth Court of Appeals dismissed Whitson's appeal as untimely. Id.

Whitson has also submitted numerous filings in federal courts collaterally attacking his 1986 burglary conviction. He filed his first federal petition for a writ of habeas corpus on September 4, 1991, and the petition was dismissed on the merits. Whitson v. Collins, No. H-91-2554 (S.D. Tex. Mar. 23, 1993). Whitson filed an appeal, which the United States Court of Appeals for the Fifth Circuit dismissed as untimely. Whitson v. Collins, No. 93-2422 (5th Cir. July 9, 1993). Whitson filed a second habeas petition in the Western District of Texas challenging a forfeiture of good-time credit. That petition was dismissed for failure to state a claim. Whitson v. Scott, No. W-95-CA-077 (W.D. Tex. Sep. 1, 1995). The Fifth Circuit dismissed the subsequent appeal as frivolous. Whitson v. Johnson, 81 F.3d 155, 1996 WL 101360 (5th Cir. 1996) (not selected for publication). Whitson filed another federal habeas petition in the Southern District of Texas on October 26, 1995. See Whitson v. Johnson, No. H-95-5023 (S.D. Tex.). In that petition he raised the following claims for relief: ineffective assistance of counsel, lack of probable cause to arrest, lack of probable cause to indict, fundamentally defective complaint, and failure to quash defective enhancement. Id. The court found that most of the grounds had been previously raised in the first federal petition and dismissed the 1995 petition for abuse of writ. Id. The Fifth Circuit denied Whitson's subsequent application for a certificate of appealability. Whitson v. Johnson, No. 96-20842 (5th Cir. Jan. 24, 1997).

Whitson's current habeas petition includes the following grounds for relief: the prosecution's censorship of its witnesses; the denial of DNA evidence, improper identification, and ineffective assistance of counsel. See Docket Entry No. 1-1, pp. 1-3. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the present action is barred as a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal on the merits, Whitson must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). Whitson has previously filed a federal petition for a writ of habeas corpus, which was dismissed because it included claims that had been previously raised. See No. H-95-5023. There is no indication that the Fifth Circuit has granted permission to Whitson to file the current petition. Without such authorization this action must be dismissed for lack of jurisdiction. Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition to being barred as successive, the court also concludes that this action would be barred as untimely under the AEDPA because Whitson is challenging a conviction that was final more than twenty-five years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). His previous federal habeas petitions

did not toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within the meaning of the AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999). Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions finds them to be untimely. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). The court finds that a response is not warranted in this proceeding since Whitson's petition is successive as well as time-barred.

Before Whitson can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA Whitson must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). A COA will be denied because this action is clearly barred, and Whitson has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) will be dismissed with prejudice.

2. Petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE